# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RONNIE NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-1593 CAS |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Ronnie Nelson was formerly an inmate at Missouri Eastern Correction Center ("MECC"). Plaintiff filed this action under 42 U.S.C. § 1983 in October 2006, seeking monetary relief for alleged violations of his constitutional rights during his incarceration at MECC, specifically claiming in Count I that defendants violated his constitutional rights by failing to adequately treat his chronic back pain stemming from degenerative disc disease. Plaintiff seeks attorneys fees pursuant to 42 U.S.C. § 1988 in Count V. Plaintiff also asserts supplemental state law claims for negligent training and supervision in Count III and premises liability in Count IV.

The Court reviewed plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) and on November 13, 2006, issued a Memorandum and Order which dismissed plaintiff's claims against certain of the defendants and ordered that process issue as to others.[1] See Doc. 5. The remaining defendants are

---

[1] The Memorandum and Order of November 13, 2006 dismissed all of plaintiff's claims against parties sued as "Unknown Administrators, Nurses, Doctors, and Employees of the Missouri Department of Corrections and Correctional Medical Services." See Mem. and Order of Nov. 13, 2006 at 5, 6 [Doc. 5]. Count II of the complaint asserted a state law negligence claim against "unknown defendants." Count II was therefore dismissed by the Memorandum and Order of November 13, 2006.

Larry Crawford, director of the Missouri Department of Corrections; Larry Rowley, superintendent of MECC; Unknown Williams, Unknown Linz, J. Cofield, Elizabeth Conley, and Correctional Medical Services. The complaint specifies that defendants Crawford and Rowley are sued in their official capacities only, see complaint at 3, ¶¶ 8, 9, and that defendants Williams, Linz, Cofield and Conley are sued in their official capacities as employees of Correctional Medical Services. Id., ¶¶ 10-13. Correctional Medical Services and the four individual defendants who work for it are collectively referred to in this opinion as the "CMS defendants."

This matter is before the Court on several motions: (1) defendants Crawford and Rowley's Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6); (2) defendants Crawford and Rowley's Motion to Dismiss for Failure of Plaintiff to Prosecute; (3) the CMS defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies; and (4) the CMS defendants' Motion for Summary Judgment on plaintiff's § 1983 claims. Plaintiff was granted until August 31, 2007 to respond to the pending motions. See Docs. 28, 31. Plaintiff has not responded to the substance of the pending motions, but on August 31, 2007 filed a memorandum for clerk asking for an additional thirty days to obtain a lawyer.

Defendants Crawford and Rowley's motion to dismiss under Rules 12(b)(1) and 12(b)(6) is based on three arguments: (1) plaintiff did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), (2) the complaint improperly asserts § 1983 claims against them based on a theory of supervisory liability, and (3) the Court lacks jurisdiction over plaintiff's § 1983 claims against them in their official capacities, under the Eleventh Amendment to the United States Constitution.

For the following reasons, plaintiff's § 1983 claims against defendants Crawford and Rowley will be dismissed based on Eleventh Amendment immunity. Plaintiff's motion for additional time to obtain a lawyer will be denied, and plaintiff's remaining claims will be dismissed without prejudice for failure to prosecute.

**Discussion.**

### A. Motion to Dismiss - Eleventh Amendment

The Court will first address defendants Crawford and Rowley's motion to dismiss under Rules 12(b)(1) and 12(b)(6), to the extent defendants assert that plaintiff's § 1983 claims against them must be dismissed on the basis of Eleventh Amendment immunity.[2] Because this aspect of the motion is dispositive with respect to plaintiff's § 1983 claims against these defendants, the Court does not address the other arguments in the motion to dismiss, concerning failure to exhaust administrative remedies and supervisory liability.

It is well settled that the Eleventh Amendment bars § 1983 claims against states and their agencies. See Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (citing Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)). Section 1983 damage claims against individual defendants acting in their official capacities are likewise barred, either by the Eleventh Amendment or because in these capacities they are not "persons" within the meaning of § 1983. Murphy, 127 F.3d at 754 (citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)). State officials acting in their official capacities are § 1983 "persons" when sued for

---

[2] It does not appear from the motion to dismiss that defendants Crawford and Rowley contend that Eleventh Amendment immunity shields them from plaintiff's state law claims, as the motion only discusses the § 1983 claims.

3

prospective injunctive relief, however, and the Eleventh Amendment does not bar such relief. Id. (citing Treleven v. University of Minn., 73 F.3d 816, 819 (8th Cir. 1996)).

In this case, the complaint specifies that plaintiff has sued defendants Crawford and Rowley in their official capacities only.[3] Monetary damages are not recoverable against state officials in their official capacities. See Murphy, 127 F.3d at 754. Therefore, the Eleventh Amendment bars plaintiff's claims for money damages against these defendants under § 1983. Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).[4]

As a result, the motion to dismiss should be granted and plaintiff's § 1983 claims against defendants Crawford and Rowley in Counts I and V should be dismissed.

### B. Motion to Dismiss for Failure to Prosecute; Request for Additional Time

The Court turns to defendants Crawford and Rowley's motion to dismiss for failure to prosecute. Defendants seek dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure, and Local Rule 5.04 of this Court, for plaintiff's failure to comply with the Case Management Order issued on January 11, 2007. [Doc. 18] In connection with this motion, the Court also considers plaintiff's motion for additional time to obtain a lawyer.

The motion to dismiss states that under Section I.3. of the Case Management Order, the parties had until February 12, 2007 to complete initial disclosures. Defendants Crawford and

---

[3]Defendants Crawford and Rowley state incorrectly in the motion to dismiss that plaintiff has sued them in both their individual and official capacities. See Mem. Supp. Mot. to Dismiss at 6 [Doc. 13]. The complaint, however, specifies that Crawford and Rowley are being sued in their official capacities only. See Complaint at 4, ¶¶ 9, 10.

[4]Although the "Preliminary Statement" of plaintiff's complaint asserts that plaintiff also seeks declaratory relief, see complaint at 2, plaintiff does not mention or pray for declaratory relief or injunctive relief in any other portion of the complaint. The Court therefore interprets the complaint as seeking only monetary relief.

4

Rowley state that they mailed their initial disclosures to plaintiff on February 8, 2007, by first class mail, postage prepaid, but as of the date the motion was filed, defendants had not received plaintiff's initial disclosures. Defendants also state that on March 9, 2007, they mailed a set of interrogatories and requests for production to plaintiff by first class mail, postage prepaid, but have not received responses to either the interrogatories or the requests for production.

The motion to dismiss further states that Section I.5. of the Case Management Order granted defendants leave to take plaintiff's deposition upon reasonable notice. Defendants state they mailed a notice of deposition to plaintiff on March 16, 2007, by first class mail, postage prepaid, noticing plaintiff's deposition for April 12, 2007. The motion states that on April 12, 2007, after counsel for these defendants traveled from St. Louis, Missouri to the Western Regional Treatment Center ("WRTC") in St. Joseph, Missouri, where plaintiff was then incarcerated, plaintiff informed counsel that he was unwilling to be deposed. The record from this deposition is attached to the memorandum in support of the motion to dismiss as Exhibit A. Defendants state that they intended to address the issue of plaintiff's failure to provide initial disclosures and his failure to respond to their interrogatories and requests for production at the deposition.

Defendants Crawford and Rowley assert that dismissal of this action is warranted, based on plaintiff's failure to make initial disclosures, failure to respond to defendants' interrogatories and requests for production, and failure to testify at his properly-noticed deposition. Defendants assert that plaintiff's failure to comply with the Case Management Order in these respects has impaired their ability to prepare for summary judgment and to otherwise defend the action. Plaintiff has made no response to defendants' assertions in this motion.

The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Despite the breadth of this language, the Eighth Circuit has "recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000). Local Rule 5.04 of the Eastern District of Missouri provides in pertinent part, "Failure to comply with the [Case Management Order] may result in the imposition of sanctions by the Court, including but not limited to dismissal of the action, entry of a default judgment, or restrictions on the admissibility of certain evidence."

The Court notes that in general, the fact that a party is representing himself pro se does not excuse the party from complying with a court's orders, the Federal Rules of Civil Procedure, and other applicable rules of procedure. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); see also Faretta v. California, 422 U.S. 806, 934-35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure).

The extent of plaintiff's failure to prosecute this action is apparent from a review of the docket. Defendants Crawford and Rowley's motion to dismiss under Rules 12(b)(1) and 12(b)(6) was filed on January 4, 2007. Plaintiff's response to that motion was due on January 16, 2007. See Local Rule 4.01(B) and Rule 6(e), Federal Rules of Civil Procedure. Plaintiff did not file a response. The CMS defendants' motion to dismiss the case for failure to exhaust administrative remedies was filed on January 10, 2007. Plaintiff's response to that motion was due January 22, 2007. See id. Plaintiff did not file a response. The CMS defendants' motion for summary judgment was filed on

6

March 15, 2007. Plaintiff's response to that motion was due April 7, 2007. See id. Plaintiff did not file a response.

On April 25, 2007, Judge Sippel issued a Memorandum and Order which directed plaintiff to show cause in writing, no later than May 25, 2007, why he had not responded to these motions, and cautioned that failure to comply with the order "shall result in dismissal and summary judgment being granted in favor of Defendants." [Doc. 26] On May 25, 2007, plaintiff responded to Judge Sippel's order, stating that he had been transferred to WRTC and had no law clerk or paralegal to assist him and only limited access to a law library. Plaintiff also stated that his presumptive release date was July 25, 2007. [Doc. 27] Judge Sippel granted plaintiff's motion for a continuance and ordered that plaintiff's responses to the pending motions be filed no later than August 31, 2007. [Doc. 28] Following transfer to the undersigned, the Court issued an order advising plaintiff that no further extensions of time would be granted to respond to the pending motions, and that if no response was filed by August 31, 2007, the Court would proceed to address the motions. [Doc. 31]

As previously stated, on August 31, 2007, plaintiff, who is no longer incarcerated, filed a memorandum for clerk asking the Court for an additional month to hire a lawyer. The memorandum asks "the Court to grant me more time so that I can have a lawyer take care of this mater [sic] for me. I need another month to take care of this mater [sic]." [Doc. 32] This request will be denied. It appears from defendants' uncontested motion that plaintiff has failed to comply with the Case Management Order by (1) failing to provide initial disclosures, (2) failing to respond to defendants' interrogatories and requests for production of documents, and (3) refusing to testify at his properly-noticed deposition. Because plaintiff has not complied with the Case Management Order in any respect and has not provided any discovery to the defendants, the defendants have necessarily been

7

prejudiced in their ability to defend this action. The deadlines in the Case Management Order for completion of discovery and filing of dispositive motions have now passed. See Doc. 18.

Plaintiff offers no explanation for his failure to comply with the Court's orders, in particular for his failure to provide discovery to the defendants and his refusal to be deposed as ordered. Plaintiff was allowed several extra months to respond to the pending motions, but he has failed to do so, and now merely asks for more time with the conclusory assertion that he needs a lawyer. Plaintiff does not state in the request for additional time that he has made any effort to retain a lawyer. Even if plaintiff stated that he made an effort to retain a lawyer, this could not excuse plaintiff's failure to comply with the Court's orders.

Based on plaintiff's failure to participate in discovery and his failure to respond to the substance of the pending motions, despite having been granted several months' extension of time to do so, the Court finds that plaintiff has failed to prosecute this case. Plaintiff's failure to comply with the Case Management Order and to prosecute this case has impeded the defendants' ability to defend this action the Court's ability to manage its docket.

For these reasons, the Court finds that defendants' motion to dismiss this action for failure to prosecute and for failure to comply with the Court's orders pursuant to Rule 41(b) should be granted. The dismissal will be without prejudice, however, because of the extreme nature of the sanction of dismissal with prejudice, and in the absence of clear evidence of plaintiff's willful disobedience to the Court's orders.

**Conclusion.**

For the foregoing reasons, the Court finds that plaintiff's claims against defendants Crawford and Rowley under 42 U.S.C. § 1983 should be dismissed based on Eleventh Amendment immunity.

The remaining portions of plaintiff's complaint should be dismissed without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for failure to comply with the orders of the Court and for failure to prosecute. As a result, the Court does not address the CMS defendants' motion to dismiss and motion for summary judgment, and will deny the same as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Rowley and Crawford's motion to dismiss pursuant to Federal Rules 12(b)(1) and 12(b)(6) is **GRANTED in part** and **DENIED in part as moot**: said motion is **GRANTED** to the extent that plaintiff's § 1983 claims against defendants Rowley and Crawford are **DISMISSED** based on Eleventh Amendment immunity, and **DENIED** as moot in all other respects. [Doc. 12]

**IT IS FURTHER ORDERED** that plaintiff's motion for additional time to obtain a lawyer is **DENIED**. [Doc. 32]

**IT IS FURTHER ORDERED** that defendants Rowley and Crawford's motion to dismiss for failure to prosecute and for failure to comply with the Court's orders is **GRANTED**. [Doc. 23]

**IT IS FURTHER ORDERED** that the CMS defendants' motions to dismiss case for failure to exhaust administrative remedies and summary judgment are **DENIED as moot**. [Doc. 16, 22]

An appropriate order of dismissal will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ____6th____ day of September, 2007.